```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____
_____
Robert D. Mix, Jr.,

               Plaintiff,               09-CV-0016

        v.                           **DECISION**
                                                **and ORDER**
Michael J. Astrue,
Commissioner of Social Security

               Defendant.
_____
_____

## <u>Introduction</u>

    Plaintiff Robert D. Mix Jr. ("Plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), claiming that the Commissioner of Social Security ("Commissioner") improperly denied his application for disability insurance benefits ("DIB"). Specifically, Plaintiff alleges that the decision of Administrative Law Judge Robert Harvey ("ALJ") was erroneous and not supported by substantial evidence in the record.

    The Commissioner moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) ("Rule 12(c)"), on the grounds that the ALJ's decision was supported by substantial evidence. Plaintiff opposes the Commissioner's motion, and cross-moves for judgment on the pleadings. For the reasons set forth herein, I find that the decision of the Commissioner is supported by substantial evidence, and is in accordance with applicable law, and therefore, I grant the Commissioner's motion for judgment on the pleadings.

1

## Background

On March 26, 2002, Plaintiff filed an application for DIB claiming he became disabled on July 13, 2001 due to diabetes mellitus, hepatitis C, sleep apnea, alcohol and marijuana dependence, a personality disorder, and major depressive disorder with recurrent hallucinations. (Tr. 69-71, 348). Plaintiff's application was initially denied by the Social Security Administration. (Tr. 26-29, 30). ALJ Nancy Battaglia considered the case de novo and issued an unfavorable decision on February 24, 2004. (Tr. 347-53). The Appeals Council granted Plaintiff's request for review on June 16, 2004, vacating ALJ Battaglia's decision and remanding the claim for further proceedings. (Tr. 395-60).

On December 8, 2004, ALJ Robert Harvey held a de novo hearing and on March 17, 2005, issued a new ruling finding plaintiff not disabled. (Tr. 14-24, 940-86). After the Appeals Council denied Plaintiff's request for review, Plaintiff sought review in the District Court for Western New York and the Honorable John T. Curtin remanded the case to the Commissioner. (Tr. 7-10, 575-84). Thereafter, Plaintiff appeared at another hearing on October 1, 2008, and ALJ Harvey issued an unfavorable decision dated November 4, 2008. (Tr. 1013-37, 562-72). The ALJ's decision became the final decision of the Commissioner when the Social Security Appeals Council denied Plaintiff's request for review. (Tr. 558-60). On

January 7, 2009, Plaintiff timely filed this action. (Plaintiff's Complaint).

## **Discussion**

### I. **Jurisdiction and Scope of Review**

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 217 (1938). Section 405(g) thus limits the Court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that a reviewing Court does not try a benefits case de novo). The Court is also authorized to review the legal standards employed by the Commissioner in evaluating Plaintiff's claim.

The Court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F. Supp. 265, 267 (S.D. Tex. 1983) (citation omitted). The Commissioner asserts that his decision was reasonable and is supported by the evidence in the record, and moves for

3

judgment on the pleadings pursuant to Rule 12(c). Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988).

**II. The Commissioner's decision to deny the Plaintiff benefits was supported by substantial evidence in the record**

The ALJ in his decision found that the Plaintiff was not disabled within the meaning of the Act from the alleged onset date of July 13, 2001, through his date last insured of December 31, 2006. (Tr. 567). In doing so, the ALJ followed the Social Security Administration's five-step sequential analysis. <u>See</u> 20 C.F.R. § 404.1520.[1]

Under step one of the process, the ALJ found that Plaintiff has not engaged in substantial gainful activity during the relevant period. (Tr. 567). At steps two and three, the ALJ concluded that

---

[1]Five step analysis includes: (1) ALJ considers whether claimant is currently engaged in substantial gainful activity; (2) if not, ALJ considers whether claimant has a severe impairment which significantly limits his physical or mental ability to do basic work activities; (3) if claimant suffers such impairment, third inquiry is whether, based solely on medical evidence, claimant has impairment which is listed in regulations Appendix 1, and if so claimant will be considered disabled without considering vocational factors (4) if claimant does not have listed impairment, fourth inquiry is whether, despite claimant's severe impairment, he has residual functional capacity to perform his past work; and (5) if claimant is unable to perform past work, ALJ determines wther claimant could perform other work. <u>See id.</u>

4

Plaintiff's depressive disorder, anxiety disorder, personality disorder and alcohol abuse were severe within the meaning of the Social Security Regulations, but not severe enough to meet or equal singly or in combination, any of the impairments listed in Appendix 1, Subpart P of Regulations No. 4. (Tr. 568).

Further, at steps four and five, the ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work. (Tr. 569). See 20 C.F.R. §416.967(b). The ALJ found the while the Plaintiff was incapable of performing his past relevant work as a chemical operator, he was not precluded from performing other light work. (Tr. 571). However, Plaintiff had additional limitations, which eroded his ability to perform the full range of activities at the light work level. Id. Therefore, in the fifth step, the ALJ considered Plaintiff's age, education, work experience, RFC, and a vocational expert's testimony regarding Plaintiff's additional limitations. He determined that Plaintiff was able to perform a significant number of jobs in the economy, such as cleaner and mailroom clerk. Id.

Based on the entire record, including medical evidence, the ALJ properly found that Plaintiff could perform light work with some limitations. Id. Therefore, I find that there is substantial evidence in the record to support the ALJ's finding that Plaintiff was not disabled within the meaning of the Act.

5

## **A. Medical and non-medical evidence in the record supports the ALJ's determination that Plaintiff was not disabled**

Plaintiff was diagnosed with hepatitis C in 1998. (Tr. 343). Throughout the relevant period, Plaintiff's physical examinations were negative for any clinical signs of hepatitis. (Tr. 196-97, 187-94, 182-84, 285-90; 415-421). Plaintiff's treating physician indicated that he responded well to treatment, and his symptoms had resolved by February 11, 2004. (Tr. 413).

Plaintiff alleged that his sleep apnea caused sleep disturbances. (Tr. 142-48). He was prescribed a continuous positive airway pressure machine for mild obstructive sleep apnea. (Tr. 142, 147). At his first ALJ hearing, Plaintiff testified that he was not affected by his condition as badly as his medical records indicated. (Tr. 343).

Plaintiff alleged hip pain and weakness. His rheumatologist suspected a relatively mild case of rheumatoid arthritis that caused moderate symptoms. (Tr. 447). Plaintiff's x-rays were essentially negative. Id.

Plaintiff claimed major depressive disorder, anxiety, and hallucinations. Plaintiff had a long history of alcohol dependence, and drug use, including marijuana, cocaine, and other street drugs. (Tr. 349). Plaintiff testified that he stopped drinking on August 4, 2001, and had remained abstinent except for a two-month relapse period. (Tr. 350). He admitted to smoking marijuana on a daily basis, and being a crystal meth addict. Id.

6

In 2002, Plaintiff's treating physician, Dr. Junaid Hashim, diagnosed recurrent major depression with severe psychosis, alcohol and cannabis dependence, and personality disorder, not otherwise specified. (Tr. 248). In 2003, Dr. Hashim indicated that Plaintiff was stable on a medication regime, with no evidence of lethal thoughts or psychosis. (Tr. 343).

Consultative examiner, Dr. Kevin Duffy, diagnosed Plaintiff with major depressive disorder, anxiety disorder, alcohol abuse in partial remission, polysubstance abuse in full remission, and antisocial personality traits. (Tr. 400). Dr. Duffy reported that there was no evidence of paranoia, psychosis, or hallucinations. (Tr. 367). He stated that Plaintiff had good personal hygiene, grooming, appropriate eye contact, and coherent thought processes. (Tr. 399).

Considering Plaintiff's testimony and medical records, the ALJ determined that Plaintiff had depressive disorder, anxiety disorder, personality disorder and alcohol abuse disorder. (Tr. 568).

### i. The ALJ correctly assessed that Plaintiff's mental impairments were not severe enough to establish disability

The ALJ assessed that Plaintiff's impairments did not singly or in combination medically equal the Act's definition of disabled. To establish that depression is disabling, a Plaintiff must demonstrate that their mental impairments caused at least two of the following: (1) marked restrictions of activities of daily living; (2) marked

7

difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation, each of extended duration. See 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.04B.

The ALJ found that Plaintiff was not restricted in his daily activities. During the insured status period, Plaintiff testified that he cooked, shopped, did laundry, watched television, camped in the summer, listened to the radio, used the dishwasher, used the computer for five hours a day, mowed the lawn, did yardwork, performed household repairs, and bathed and dressed himself. (Tr. 370). He also cared for his bed-ridden father and cats. (Tr. 107). The ALJ determined that Plaintiff had moderate difficulties in social functioning, had mild difficulties in concentration, persistence, or pace, and had experienced one to two episodes of extended duration. (Tr. 569).

Since Plaintiff was determined to be not disabled factoring in his substance abuse, the ALJ found it unnecessary to determine whether his alcohol and drug use was a contributing factor material to the determination of his disability. (Tr. 568). See 20 C.F.R. § 416.935(a).

In light of the objective medical and non-medical evidence, and Plaintiff's subjective complaints, I find that there was substantial evidence on which the ALJ could correctly conclude that Plaintiff was not disabled within the meaning of the Act at any time during the relevant period.

## 1. The ALJ properly applied the "Treating Physician Rule"

Plaintiff argues that the ALJ did not give proper weight to treating psychiatrist, Dr. Hashim's opinion concerning the severity of Plaintiff's mental health impairments detailed in a September 18, 2008 report. (Plaintiff's Memorandum of Law "Pl. Mem" 13). The ALJ found the report inconsistent with other medical evidence and assigned it little weight.

Social Security Act Regulations outline the treating physician rule with the following text:

> Generally, we give more weight to opinions from your treating sources ... If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply [various factors] in determining the weight to give the opinion.

20 C.F.R. § 404.1527(d)(2). Further, the ALJ must establish "good reasons" for the weight assigned to a treating physician's opinion. Id.

The factors that an ALJ must apply when a treating physician's opinion is not given controlling weight include: "(i) the frequency of examination and the length, nature, and extent of the treatment relationship; (ii) the evidence in support of the opinion; (iii) the opinion's consistency with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other relevant factors." Schaal v. Apfel, 134 F.3d 496, 503 (2d Cir. 1998) (citing §§ 404.1527(d)(2) and 416.927(d)(2)).

An ALJ's omission of the treating physician rule's factor analysis on the face of an opinion, however, is not always grounds for a remand for further proceedings. See Halloran v. Barnhart, 362 F.3d 28, 31-32 (2d Cir. 2004). This is particularly the case when the treating physician's opinion is inconsistent with other substantial evidence in the record. See Id.

With respect to the treating physician rule and the ALJ's duty to develop a "complete medical history" under 20 C.F.R. § 404.1512(d), the District Court remanded Plaintiff's case and ordered the ALJ to obtain updated records from Dr. Hashim. (Tr. 583). Pursuant to this order, the ALJ in the instant case sent a letter on July 31, 2007 to Dr. Hashim requesting additional medical evidence and an opinion on Plaintiff's mental functioning. Plaintiff's representative submitted the September 18, 2008 report. (Tr. 568).

The ALJ found this report inconsistent with the record as a whole. Dr. Hashim's report stated that Plaintiff's prognosis was guarded, Plaintiff was seriously limited in being able to perform satisfactorily in any work-setting, and that probably no significant level of improvement could be expected. Id. In earlier treatment notes, Dr. Hashim assessed Plaintiff with a Global Assessment of Function[2] ("GAF") score of 70 and 75, both of which equate to only

---

[2]See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders, 34 (4th ed, 2000). A GAF between 71 and 80 equates to symptoms that are transient and expected reactions to pyschosocial stresses and no more than a slight impairment in social, occupational or school functioning. Id.

10

mild or transient symptoms with an individual "generally functioning pretty well." (Tr. 568, 674, 930). Plaintiff's mental functioning has been unstable at times throughout his visits to Dr. Hashim. (Pl. Mem. 9-13). Even during one of his worst episodes, however, he was assessed as having a GAF of 55, indicating only "moderate" symptoms. (Tr. 672). See Diagnostic and Statistical Manual of Mental Disorders 34.

Moreover, while Dr. Hashim's treatment notes were typically in the form of typed paragraphs, the report at issue is a form report composed of checklists and fill-in-the-blank statements. (Tr. 930-34). "Form reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1067 (3d. Cir. 1993).

Additionally, even if a treating physician's opinion is not entitled to controlling weight, it is still entitled to deference. Langley v. Barnhart, 373 F.3d 1116, 119 (10th Cir. 2004). See SSR 96-2p. In this case, the ALJ relied on Dr. Hashim's opinion on Plaintiff's non-exertional limitations to assess Plaintiff's RFC. (Tr. 568-69).

The ALJ was required to give "good reasons" when granting little weight to Dr. Hashim's opinion. While the ALJ failed to address all of the §§ 404.1527(d) and 416.927(d) factors, I find that the ALJ sufficiently explained that Dr. Hashim's opinion was inconsistent with the overall record.

11

Plaintiff argues that the ALJ erred in assigning great weight to consultative examiner Dr. Duffy's opinion, because Dr. Duffy only examined Plaintiff on one occasion. (Pl. Mem 14). A written report of a consultative examiner can constitute substantial evidence. Richardson v. Perales, 402 U.S. 389, 402 (1971). A consulting examiner's opinion can be given substantial weight when it is consistent with other evidence in the record. Id. See also Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995); Monquer v. Heckler, 722 F.2d 1033, 1039 (2d Cir. 1983). Here, Dr. Duffy's report was found to be more consistent with other evidence in the record than Dr. Hashim's.

I find that the ALJ's decision was supported by substantial evidence and the substance of the treating physician rule was not traversed.

**B. The ALJ properly found that Plaintiff retained the ability to perform light work with some limitations**

The ALJ determined that some of Plaintiff's subjective complaints were inconsistent with the record. Plaintiff argues that because of his excellent work history, the ALJ should have presumed that Plaintiff's allegations of a complete inability to work were credible. (Pl. Mem 6).

In analyzing Plaintiff's RFC, the ALJ must first determine, based upon the objective medical evidence, whether the medical impairments "could reasonably be expected to produce" the alleged pain or symptoms. See 20 C.F.R. §§ 404.1529(a), 416.929(a). Second,

the ALJ must evaluate the intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's ability to do basic work activities. See 20 C.F.R. § 404.1529(c), SSR 96-7p.

The ALJ determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible. (Tr. 570). Plaintiff alleged constant leg and hip pain. Id. However, x-rays of the knees, hips, and pelvis were negative during the relevant period. (Tr. 568). While Plaintiff reported weekly hallucinations, Dr. Duffy found no evidence of hallucinations, delusions, or paranoia. (Tr. 567).

If objective medical evidence does not substantiate the intensity, persistence, or limiting effects of the claimant's symptoms, the ALJ must assess the credibility of the claimant's subjective complaints by considering the record.[3]

The ALJ opined that Plaintiff's allegations of disability were inconsistent with his activities of daily living, such as cooking, cleaning, doing yardwork, and caring for relatives. (Tr. 570).

---

[3] The ALJ may consider claimant's subjective complaints in light of the following symptom-related factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

13

Plaintiff's work history is only one factor of many that the ALJ may rely on when performing a credibility assessment. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). The Second Circuit has established that a claimant with a good work record is entitled to substantial credibility when claiming an inability to work due to disability. Rivera v. Schweiker, 717 F.2d 719, 725 (2d Cir. 1983). However, the ALJ must make a credibility assessment in light of all of the evidence in the record. See Rivera, 717 F.2d at 724; Steilberger v. Sullivan, 738 F.Supp 716,743 (S.D.N.Y. 1990).

Social Security Ruling 96-7p provides:

> The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight

Here, the ALJ found that despite Plaintiff's past work record, the medical evidence and Plaintiff's daily activities failed to demonstrate a complete inability to work.

I find that there was substantial evidence in both Plaintiff's medical records, and his testimony to support the ALJ's assessment that Plaintiff's allegations were not entirely credible.

**1. The ALJ was correct in assigning little weight to the treating physician's opinion on Plaintiff's RFC**

Plaintiff further argues that the ALJ should have accounted for treating physician Dr. Madhav Deshmukh's opinion that the Plaintiff could only sit for four hours at a time and would need to keep his legs elevated for 50 percent of the workday. (Pl. Mem 15-16).

14

Plaintiff argues that the ALJ should have re-contacted Dr. Deshmukh for a clarification of the status of Plaintiff's impairments during the relevant period. Id.

The ALJ is required to obtain additional evidence only if the ALJ cannot decide whether a claimant is disabled based on the existing evidence. 20 C.F.R. § 404.1527(c). "Where there are no obvious gaps in the administrative record and the ALJ already possesses a 'complete medical history,'" the AlJ is under no obligation to re-contact a physician.[4] Rosa v. Callahan, 168 F.3d 72, 79, n. 5 (2d Cir. 1999).

The ALJ gave little weight to Dr. Deshmukh's evaluation of Plaintiff's residual functional capacity ("RFC") completed on September 24, 2009, because it was not supported by medical evidence existing on or before his last date insured.[5] The assessment was completed almost 21 months after Plaintiff's last date insured. (Tr.

---

[4]Plaintiff also contends that the ALJ failed to fully develop the record because it is missing Dr. Hashim's notes from September 2003 to December 2004. (Pl. Mem 13). The court notes that the ALJ is only obligated to develop Plaintiff's complete medical history for at least the twelve months preceding the month in which Plaintiff filed his application. 20 C.F.R. § 404.1512(d). Here, the ALJ obtained multiple treatment notes and reports from Dr. Hashim, and therefore, the ALJ met his obligation.

[5]To be eligible for DIB, a claimant has to establish that his disability commenced on or before the date his insured status expired. 42 U.S.C. §§ 423(a)(1)(A) and (c)(1); 20 C.F.R. § 404.131. Section 216(I) and 223 set forth the Act's insured status requirements. (Tr. 565). Plaintiff's earning records show that the Plaintiff has acquired sufficient quarters of coverage to remain insured through December 31, 2006. Id. Therefore, Plaintiff had to prove that his disability commenced before that date. Id.

15

568). I find that the ALJ had sufficient medical records from the relevant period on which he could base his decision and was under no obligation to re-contact Dr. Deshmukh.

Further, the determination of Plaintiff's RFC is reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1) and § 416.927(e)(1). The ALJ is responsible for determining whether the Plaintiff meets the statutory definition of disabled. Id. "A treating physician's statement that the claimant is disabled cannot itself be determinative." Snell v. Apfel, 177 F.3d 128, 133 (2d. Cir. 1999).

Thus, the ALJ was correct in granting little weight to Dr. Deshmuk's statements that were based on evidence of impairments that began after Plaintiff's last date insured. Similarly, the ALJ properly choose to discount Dr. Hashim's opinion that Plaintiff could not sustain full-time work.

In light of the ALJ's assessment of Plaintiff's medical impairments and credibility, I find that there is substantial evidence in the record to support the ALJ's finding that Plaintiff could perform light, moderate stress-level work. Plaintiff's RFC included limitations on working at unprotected heights or with heavy moving machinery, and climbing ladders or scaffolds. (Tr. 569). Plaintiff was determined to be occasionally limited in his ability to get along with co-workers and peers and respond appropriately to changes in a work setting. Id. Based on these limitations, the ALJ properly relied on a vocational expert's testimony that there were jobs available for the Plaintiff in the national economy. (Tr. 571).

I find that there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff was not disabled within the meaning of the Act at any time during Plaintiff's insured status period.

## CONCLUSION

For the reasons set forth above, I grant the Commissioner's motion for judgment on the pleadings. Plaintiff's cross-motion for judgment on the pleadings is denied, and Plaintiff's complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED**.

s/Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

DATED: June 18, 2010
Rochester, New York